O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RAY E. BENNETT, | Case No. EDCV 08-00678-SGL (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |
| v. | |
| RIVERSIDE SHERIFF'S DEPARTMENT, | |
| Defendant. | |

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. The action was filed on May 15, 2008. Plaintiff paid the full filing fee and is not proceeding in forma pauperis. In accordance with the Court's July 28, 2008 Order, Plaintiff was directed to personally serve the Defendant with a summons and complaint no later than September 12, 2008. Plaintiff was informed that the failure to timely effect service would result in dismissal of the action. Neither an answer nor a certificate of service were filed as of September 12, 2008.

//

//

On September 12, 2008, Magistrate Judge Marc L. Goldman issued an order directing Plaintiff to show cause, on or before September 26, 2008, why the action should not be dismissed for failure to prosecute and failure to effect service. Plaintiff was specifically informed that the failure to respond to the order to show cause would result in dismissal of the action for failure to prosecute. Plaintiff did not respond to the order to show cause in the time allowed.

Pursuant to Federal Rule of Civil Procedure 4(m), if service of the summons and complaint is not made within 120 days of the filing of the complaint, the court shall dismiss the matter without prejudice unless good cause is shown to extend the time for service. Plaintiff has not effected service in the time allowed and has not requested additional time in which to do so. And, he has not shown good cause for the failure to timely effect service.

Moreover, Plaintiff has failed to respond to the order to show cause. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants. Finally, four months have elapsed without Plaintiff having served the defendant. He has failed to demonstrate good cause for failing to perform this preliminary act.

Balancing all of these factors, dismissal of this action without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: October 22, 2008

Stephen G. Larson
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge